UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 3:04CV07141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) | |
| | ) | |
| $10,000 (TEN THOUSAND) DOLLARS | ) | **OPINION AND ORDER STRIKING** |
| IN UNITED STATES CURRENCY | ) | **ANSWER OF CLAIMANT AND** |
| | ) | **GRANTING DEFAULT JUDGMENT** |
| Defendant. | ) | **FOR PLAINTIFF** |

Before the Court is Claimant Boris Vladimirovich Mamontov's Motion for Leave to File a Verified Statement and New Answer Instanter and Defendant's Motion to Strike Answer and for Default Judgment. The Court finds the time for filing a verified statement of interest has passed and no mitigating factors exist to excuse Claimant's failure to timely file. Because the Rules provide a verified statement of interest must precede an answer in an action in forfeiture, the Court strikes Claimant's answer, and grants default judgment in favor of Defendant.

## I. FACTUAL BACKGROUND

Ohio State Highway Patrol Troopers arrested Claimant Boris Vladimirovitch Mamontov [Claimant], along with his brother, Arseni Vladimirovitch Mamontov [Arseni], on February 3, 2003, pursuant to simultaneous traffic stops on two separate vehicles. During the course of the traffic stops, Troopers learned the drivers of the two vehicles were brothers and they were traveling together. As well, troopers discovered thirty large plastic garbage bags containing three hundred fifty-two pounds of marijuana in the vehicle being driven by Claimant's brother Arseni and two bundles of currency, totaling ten thousand dollars, in the vehicle driven by Claimant Mamontov. These items were seized and Claimant and his brother Arseni were arrested and became defendants in a criminal case before the Lucas County Court of Common Pleas.

Claimant and his brother were represented by separate attorneys in the criminal case. On November 6, 2003, Claimant and Arseni entered pleas of guilty to Possession of Drugs and Trafficking in Drugs, in violation of Ohio Revised Code sections 2925.11(A) & (C)(3)(e) and 2925.03(A) & (C)(3)(e), respectively. Both were sentenced to five years incarceration on each of the two counts, to be served concurrently. Both Claimant and Arseni agreed to administratively forfeit the Defendant $10,000 as part of their plea agreement, and filed affidavits of indigency. Mandatory fines of five thousand dollars on each defendant were ordered waived. On October 26, 2004, Claimant Mamontov filed a Motion to Withdraw Guilty Plea which was subsequently denied. Plaintiff United States now seeks forfeiture of the Defendant $10,000 under 21 U.S.C. §881(a)(6).

Arseni Mamontov has indicated through counsel that he has no interest in the currency at issue. Despite Claimant's agreement to administrative forfeiture of the Defendant $10,000 during

plea negotiations, Plaintiff has been unable to secure signatures of either Claimant or his brother to the Agreement to Administrative Forfeiture. As a result, Plaintiff filed a Verified Complaint of Forfeiture on March 19, 2004. Claimant filed an Answer on April 19, 2005, but has never filed a verified statement of interest in the property.

## II. LAW AND ANALYSIS

### A. Claimant's Motion for Leave to File a Verified Statement of Interest and New Answer Instanter

The Sixth Circuit has held judicial forfeiture actions are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rule(s)). *United States v. One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition*, 846 F.2d 24, 26 (6th Cir. 1988). Supplemental Rule C(6)(a)(i), subsections (A) and (B), requires:

> a[ny] person who asserts an interest in or right against the property that is the subject of [a forfeiture] action must file a verified statement identifying the interest or right . . . (A) within 30 days after . . . the date of service of the Government's complaint . . . or (B) within the time limit that the court allows.

SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS C(6)(a)(i)(A, B) (Thompson Supp. 2005) [Rule C(6)]. A claimant must file a verified statement of interest before filing an answer in order to have standing before the court hearing the forfeiture complaint. *United States v. One 1990 Mercedes Benz 300CE Vin WDBA51E8LB183486*, 926 F.Supp. 1, 3 (D.C. Cir. 1996). Claimant seeks to avoid application of the 30 day time limit in subsection (A) and have this Court grant him an expanded time limit for filing his verified statement of interest under subsection (B).

Consistent with other circuits, the Sixth Circuit holds a claimant to strict compliance with the thirty-day time limit for filing a verified statement of interest. *United States v. Currency $267,961.07,* 916 F.2d 1104, 1108 (6th Cir. 1990); *One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition,* 846 F.2d at 26 (a claimant is held to strict compliance with the provisions of C(6)); *United States v. Property Identified as $88,260.00 in United States Currency,* 925 F.Supp. 838, 841 (D.C. Cir. 1996) ("claimants in forfeiture proceedings are to strictly comply with Rule C(6) in presenting their claims to the court"); *United States v. Borromeo,* 945 F.2d 750, 755 (4th Cir. 1991) (allowing a late filing "would subvert the strict time limits established by Supplemental Rule C(6) . . . "); *United States v. Three Parcels of Real Property,* 43 F.3d 388, 391 (8th Cir. 1994). Claimant has not presented evidence of any mitigating factors which affected his ability to strictly comply with the Rule's requirements; therefore, there is no reason to grant additional time for Claimant to file a verified statement of interest.

Mitigating factors include a good faith attempt to file a timely claim, detrimental reliance on misinformation from a government agency, and the expenditure of considerable resources in preparing a case for trial. *Property Identified as $88,260.00 in United States Currency,* 925 F.Supp. at 843. In his Motion, Claimant argues a combination of government misinformation and his good faith attempt to file a timely claim warrant an exception to the strict compliance requirement of Rule C(6). Claimant bases his good faith argument on the combination of two factors: he is acting *pro se* and English is not his first language. He claims Plaintiff transposed the applicable statute's section numbers on its notice of forfeiture; and whether purposeful or not, this confused him due to his ignorance of the law and language barrier. Claimant argues this

combination of circumstances prevented him from timely filing his verified statement of interest.

Claimant's argument is unpersuasive, as he admits within the same Motion he was represented by counsel until October 26, 2004—more than five months after the time for filing his verified statement of interest had passed.[1] Thus, Claimant's ignorance of the law or difficulties with the English language are not valid considerations in deciding whether to grant him an extension of time to file his verified statement of interest. Furthermore, although not developed in Claimant's Motion, "the court does not consider ignorance of the rules where an attorney is involved excusable neglect." *Property Identified as $88,260.00 in United States Currency*, 925 F.Supp. at 843 (citations omitted).

In *Property Identified as $88,260.00 in United States Currency*, claimant's counsel chose to challenge the court's jurisdiction over the forfeiture rather than file a verified statement of interest. *See id.* Counsel later admitted to misunderstanding "the applicable rules as they relate[d] to forfeiture proceedings" despite the government's giving notice of the "procedural steps . . . required . . . in forfeiture proceedings." *Id.* This "conscious decision to pursue a given course of action [combined with an] ignorance of the applicable rules and . . . misinterpretation of the law" was held not excusable neglect or mistake, and no late filing was permitted. *Id.*

Claimant presents similar facts in his Motion. In their criminal case, Claimant and Arseni, through counsel, agreed to forfeit the Defendant $10,000 in exchange for a waiver of the mandatory five thousand dollar fines to be imposed on them. (See Claimant's Ex. 4.) This was a

---

[1] Claimant also argues that the notice of forfeiture was not served timely by the government. However, as the time limit for filing a verified statement of interest does not begin to run until service upon Claimant, *see* Rule C(6)(a)(i)(A), the timing of service is irrelevant to Claimant's Motion. Claimant does not dispute that the parties mutually agreed upon extensions to the time limit for filing the forfeiture complaint under 18 U.S.C. § 983(a).

strategic decision that allowed Claimant to file an affidavit of indigency and thereby avoid the fine for his criminal conduct. Claimant made a conscious choice to forfeit the Defendant $10,000; he should not now be able to overcome this decision by claiming excusable neglect or mistake in not filing a verified statement of interest. Claimant's Motion for Leave to File a Verified Statement and New Answer Instanter is denied.

## B. Plaintiff's Motion to Strike Answer and for Default Judgment

As discussed above, in order for Claimant to file an answer to a complaint in forfeiture he must file a verified statement of interest. *One Mercedes Benz 300 CE Vin WDBA51E8LB183486*, 926 F.Supp. at 3; *see also One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition*, 846 F.2d at 26. In *One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition*, the Sixth Circuit would have struck claimant's answer and granted default judgment upon finding that claimant's answer was untimely. *See id.* The District Court for the Southern District of Ohio has specifically held "when a claimant files an answer but has not timely filed a verified claim, the court may strike the answer . . . and the government is entitled to summary judgment." *United States v. One Hundred Thirty-Eight Thousand Nine Hundred Twenty and 00/100 Dollars in United States Currency*, No. 2:04-CV-841, 2005 WL 2211183 at *3 (S.D. Ohio) (quoting *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004); *see also United States v. Beechcraft Queen Airplane*, 789 F.2d 627 (8th Cir. 1986).

Furthermore, Rule 55 of the Federal Rules of Civil Procedure provides that default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by

affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Because Claimant failed to file a verified statement of interest, this Court strikes his Answer. As such, Claimant has "failed to plead or otherwise defend" in this matter; therefore, this Court grants Default Judgment in Plaintiff's favor.

### III. CONCLUSION

The Court denies Claimant's Motion for Leave to File a Verified Statement and New Answer Instanter because Claimant's failure to timely file a verified statement was not due to excusable neglect or mistake as outlined above. The Court grants Plaintiff's Motion to Strike Answer and for Default Judgment, strikes Claimant's Answer which was filed out of rule, and grants default judgment in favor of Plaintiff United States.

3/27/06
Date

CHRISTOPHER A. BOYKO
United States District Judge